## SKINNER v. HARRIS.

(District Court, E. D. North Carolina. November 16, 1899.)

ADMIRALTY JURISDICTION—MARITIME CONTRACTS.

A contract by which respondent, as a ship broker, agreed to collect certain freights earned by a vessel, and to divide the same with libelant, in consideration that the latter would not contest a claim filed by respondent against the vessel in pending proceedings in which she was libeled, is not maritime, and a suit for its enforcement cannot be maintained in a court of admiralty.[1]

In Admiralty. This was a suit in personam based on a contract. Heard on the pleadings, and on motions by libelant for the appointment of a commissioner, and by respondent to dismiss.

Thos. Evans, for libelant.

Geo. Rountree and E. K. Bryan, for respondent.

PURNELL, District Judge. Cause argued at fall term, 1899, on the pleadings; libelant moving the court to appoint a commissioner to find the facts, and respondent to dismiss because the cause is not one in the admiralty jurisdiction. Proctors are not agreed as to the facts admitted or issues raised, but taking the libel as several times amended, and the answers, the following facts appear and are found as admitted: On March 12, 1895, Phillip B. Gardner, of Philadelphia, Pa., purchased of S. W. Skinner, Wilmington, N. C., the bark Marion S. Harris, and executed a mortgage on said bark to secure the unpaid balance of the purchase money. The home port of the bark was thereafter Philadelphia, Pa. 29 C. C. A. 428, 85 Fed. 799. In 1895 the said bark completed a voyage from Jamaica to Philadelphia, when she was libeled and sold to satisfy liens. See supra. Respondents collected $863.34, as ship's agents, for freight earned, which amount has been disbursed under the orders of the owner and master before the filing of the libel herein. Neither Skinner, libelant, nor Harris, respondent, were owners of the bark or any interest therein. In December, 1895, said bark made a voyage from the island of Jamaica to Chester, Pa., laden with logwood consigned to Geo. Harris, Son & Co., shipbrokers, who undertook to collect the freight, amounting to $1,550. The cause of action is shifted several times in the pleadings, but the following seems to be the basis, and only basis, of libelant's claim against respondent: On January 30, 1896, what is claimed to be a contract appears to have been entered into, signed by "Geo. Harris, Jr., Atty. for Geo. W. Harris, Son & Co., party of the first part, and Samuel W. Skinner, by Thomas Evans, Atty., party of the second part," by which it appears " the party of the first part" stipulated and agreed, in consideration that Skinner "should not allege or offer proof or argument against the claims of Geo. Harris, Son & Co. for $1,927.60 on the bark Marion S. Harris, now under libel in Philadelphia district court," the party of the first part

[1] For admiralty jurisdiction as to matters of contract, see note to The Richard Winslow, 18 C. C. A. 347, and, supplementary thereto, note to Boutin v. Rudd, 27 C. C. A. 530.

is to collect and divide the freight earnings as stipulated, and the following appears as a proviso: "Provided, nevertheless, that, should the court exercise jurisdiction over this aforesaid freight fund, then, to the extent of such jurisdiction, this agreement shall thereafter be and remain void."

There are issues of fact raised, but the above is the basis of the libel. Is this a maritime contract,—one of which a court of admiralty will take jurisdiction and enforce? Is such contract in aid of, or does it appertain to, navigation? At best, it is, if a contract which any court will enforce,—and not discussing the many questions which might arise,—a civil contract, not enforceable in a court of admiralty. The least said of it the better for all concerned. It looks like the dealings of classes who may sometimes run the gauntlet of a court where the law is administered strictly, sometimes harshly, and where equity is unknown; but the parties to such contract have no standing in a court of admiralty. It is not a cause maritime, and within the admiralty jurisdiction. Insurance Co. v. Dunham, 11 Wall. 1–16, 20 L. Ed. 90. This is evident, and it is therefore unnecessary to consider the issues raised and discussed. The jurisdiction must appear affirmatively in the libel. It is therefore ordered and adjudged that the libel herein be dismissed, and that libelant pay the costs to be taxed by the clerk of this court. It is so ordered.

## On Reargument.

### (November 27, 1899.)

Proctor for libelant, having, at his own request, been heard in an argument of over two hours, requests that, unless the opinion on the question of jurisdiction be changed, no order to take testimony be made. No complaint is made of the findings of fact on the face of the pleadings, and my opinion on the questions decided in the former opinion filed is unchanged. Many facts were discussed which show admiralty jurisdiction, but these facts are aliunde the record. It is insisted, for instance, that the notes given by Gardner were for repairs to the bark while in port at Wilmington, and that, upon the surrender of the notes and mortgage, the maritime lien for repairs reattaches. As a proposition of admiralty law, this might not be controverted, if applicable to the case at bar, and the claim of a maritime lien on this account had not been already passed upon, as appears. If the bark had not been sold, under a decree of a court of competent jurisdiction, to satisfy liens for seamen's wages and supplies having priority, the lien might attach in rem; or it may be good as a maritime lien in personam against Gardner, the owner of the ship, or George W. Harris, Son & Co., for freight collected, but could not, even in the liberality of admiralty, give the court jurisdiction of an action against George W. Harris, Jr., for freights not collected. The contract shows, on its face, George W. Harris, Jr., attorney, signed the firm's name to bind the firm; and, without a finding of fact, upon testimony, the court cannot see facts, except as admitted or shown on the contract itself. Whether George W. Harris, Son & Co., George Harris, Jr., & Co., George

Harris, Son & Co., George W. Harris, Jr., attorney, and respondent, are all one and the same, may be clear to libelant's proctor, but it is not so to the court; nor is it clear how either can be liable, under the facts, for a libel in rem claimed against the bark, which may now be classed, at least as far as libelant is concerned, as one of "the ships that pass in the night." She is certainly not within this jurisdiction, and George W. Harris cannot, under any principles known to the court, be considered in her dock.

As to the claim in personam: The claim is not made against any of the firms named, but George W. Harris, Jr., is singled out. If he is liable for the firm for which he signed as attorney, why is the proceeding not in the name of libelant's proctor, who also signed as attorney? This is reductio ad absurdum. It is not necessary to decide if the firm for which the contract was signed could be held liable in any court for freight collected, or which might or should have been collected. The question is, can George W. Harris, Jr., be held liable, on the contract set out, for freights not collected, or collected and paid out, by the firm, on the order of the owner and master of the bark? What might be done in a court of law it is not necessary to discuss. After listening to an ex parte argument of over two hours by libelant's proctor, I must still hold this contract is not within the admiralty jurisdiction, and this court cannot entertain this suit.

The case of Skinner v. Winsmore, reported in 29 C. C. A. 428, 85 Fed. 798, seems to have involved many of the questions urged by libelant's proctor aliunde the record, who also represented him there, and to the res adjudicata by a court of competent jurisdiction. The parties to the contract were represented in that court,—Skinner and George Harris, Son & Co. If, as seems the fact, on the face of the contract, Skinner then agreed to suppress certain matters, which should have been presented in that case, and thus practiced a fraud on the court, he cannot now, in a far-off district, take advantage of his own act, and set up the same matters in this court. The lien for supplies, the mortgage, and other claims were passed upon in the circuit court of appeals of the Third circuit. No additional facts appear to give this court jurisdiction, and the jurisdiction must affirmatively appear. The former order, dismissing the libel, must stand.